1  **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2  Name ___GZIKOWSKI_____JOHN_____
       (Last)            (First)            (Initial)

3  Prisoner Number ___D-00666_____

4  Institutional Address ___IRONWOOD STATE PRISON, P.O. Box 2199,____

5  _____Blythe, CA 92226-2199_____

6  ===============================================================

7                  UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA

8  JOHN GZIKOWSKI
   _____
   (Enter the full name of plaintiff in this action.)

9                                                    CV  08  3652

                    vs.                          Case No. _____
10                                               (To be provided by the clerk of court)

   DEBRA DEXTER, Warden
11 _____         **PETITION FOR A WRIT**
                                                **OF HABEAS CORPUS**
12 _____

13 _____

14 (Enter the full name of respondent(s) or jailor in this action)

15 _____

16 ===============================================================

17                 Read Comments Carefully Before Filling In

18 When and Where to File

19     You should file in the Northern District if you were convicted and sentenced in one of these

20 counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

21 San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

22 this district if you are challenging the manner in which your sentence is being executed, such as loss of

23 good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

24     If you are challenging your conviction or sentence and you were not convicted and sentenced in

25 one of the above-named fifteen counties, your petition will likely be transferred to the United States

26 District Court for the district in which the state court that convicted and sentenced you is located. If

27 you are challenging the execution of your sentence and you are not in prison in one of these counties,

28 your petition will likely be transferred to the district court for the district that includes the institution

   where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -

1   Who to Name as Respondent

2        You must name the person in whose actual custody you are. This usually means the Warden or

3   jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4   you are imprisoned or by whom you were convicted and sentenced. These are not proper

5   respondents.

6        If you are not presently in custody pursuant to the state judgment against which you seek relief

7   but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8   custody you are now and the Attorney General of the state in which the judgment you seek to attack

9   was entered.

10   A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11        1. What sentence are you challenging in this petition?

12            (a)    Name and location of court that imposed sentence (for example; Alameda

13                   County Superior Court, Oakland):

14            San Francisco Superior Court    San Francisco

15                   Court                          Location

16            (b)    Case number, if known __97078_____

17            (c)    Date and terms of sentence __Two 7-years-to-Life terms__

18            (d)    Are you now in custody serving this term? (Custody means being in jail, on

19                   parole or probation, etc.)        Yes __XX__    No _____

20                   Where?

21                   Name of Institution: __Ironwood State Prison_____

22                   Address: __P.O. Box 2199, Blythe, CA  92226-2199__

23        2. For what crime were you given this sentence? (If your petition challenges a sentence for

24   more than one crime, list each crime separately using Penal Code numbers if known. If you are

25   challenging more than one sentence, you should file a different petition for each sentence.)

26   (1) Murder 1st degree & use of firearm, PC §§ 187 & 12022.5

27   (2) Murder 1st degree & use of firearm, PC §§ 187 & 12022.5

28   _____

PET. FOR WRIT OF HAB. CORPUS        - 2 -

1      3. Did you have any of the following?

2          Arraignment:                      Yes __XX__     No _____

3          Preliminary Hearing:           Yes _____     No __XX__

4          Motion to Suppress:            Yes _____     No __XX__

5      4. How did you plead?

6          Guilty __XX__     Not Guilty _____    Nolo Contendere _____

7          Any other plea (specify) _____

8      5. If you went to trial, what kind of trial did you have?

9          Jury _____     Judge alone_____    Judge alone on a transcript _____

10      6. Did you testify at your trial?          Yes _____     No _____

11      7. Did you have an attorney at the following proceedings:

12          (a)    Arraignment                Yes __XX__     No _____

13          (b)    Preliminary hearing         Yes _____     No _____

14          (c)    Time of plea              Yes __XX__     No _____

15          (d)    Trial                     Yes _____     No _____

16          (e)    Sentencing                Yes __XX__     No _____

17          (f)    Appeal                   Yes _____     No _____

18          (g)    Other post-conviction proceeding    Yes _____     No _____

19      8. Did you appeal your conviction?        Yes _____     No __XX__

20          (a)    If you did, to what court(s) did you appeal?

21                 Court of Appeal             Yes _____     No _____

22                 Year: _____     Result: _____

23                 Supreme Court of California      Yes _____     No _____

24                 Year: _____     Result: _____

25                 Any other court             Yes _____     No _____

26                 Year: _____     Result: _____

27

28          (b)    If you appealed, were the grounds the same as those that you are raising in this

1    petition?                                              Yes _____    No_____

2        (c)    Was there an opinion?                       Yes _____    No_____

3        (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                            Yes _____    No_____

5               If you did, give the name of the court and the result:

6        _____

7        _____

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?        Yes _XX_    No_____

10       [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16       (a)    If you sought relief in any proceeding other than an appeal, answer the following

17              questions for each proceeding. Attach extra paper if you need more space.

18       I.     Name of Court: __San Francisco Superior Court__

19              Type of Proceeding: __State Habeas Corpus__

20              Grounds raised (Be brief but specific):

21              a. __Denial of Parole by Calif. Board of Prison Terms__

22              b._____

23              c._____

24              d._____

25              Result: __Denied_____Date of Result:__Approx, 2000__

26       II.    Name of Court: __San Francisco Superior Court__

27              Type of Proceeding: _State_ __Habeas Corpus__

28              Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS        - 4 -

1    a. Denial of Parole arbitrary, biased, denial of

2    b. due process of state and federal constitutions.

3    c. BPH rarely grants parole, violates due process.

4    d. Continued imprisonment violates Eighth Amend.

5    Result: Denied                    Date of Result: 1/4/08

6    III.    Name of Court: Calif. Court of Appeal, 1st App. Dist.

7    Type of Proceeding: State Habeas Corpus Petition

8    Grounds raised (Be brief but specific):

9    a. Same as A thru D above.

10   b. _____

11   c. _____

12   d. _____

13   Result: Denied                    Date of Result: March 2008

14   IV.    Name of Court: California Supreme Court

15   Type of Proceeding: Petition For Review

16   Grounds raised (Be brief but specific):

17   a. Same as A thru D above.

18   b. _____

19   c. _____

20   d. _____

21   Result: Denied                    Date of Result: 6/18/2008

22   (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                                    Yes _____    No XX

24   Name and location of court: _____

25   **B. GROUNDS FOR RELIEF**

26   State briefly every reason that you believe you are being confined unlawfully. Give facts to

27   support each claim. For example, what legal right or privilege were you denied? What happened?

28   Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS          - 5 -

1    need more space. Answer the same questions for each claim.

2    [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3    petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4    499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5    Claim One: See following Page 6A

6    _____

7    Supporting Facts:_____

8    _____

9    _____

10   _____

11   Claim Two: See following Page 6C

12   _____

13   Supporting Facts:_____

14   _____

15   _____

16   _____

17   Claim Three: See following Page 6D

18   _____

19   Supporting Facts:_____

20   _____

21   _____

22   _____

23   If any of these grounds was not previously presented to any other court, state briefly which

24   grounds were not presented and why:

25   _____

26   _____

27   _____

28   _____

PET. FOR WRIT OF HAB. CORPUS        - 6 -

Continued from Page 6 of PET. FOR WRIT OF HAB. CORPUS:

GROUND ONE: Petitioner is entitled to release because the
California Board of Parole Hearings ("Board") decision denying
parole was biased, arbitrary, unreasonable, unsupported by
evidence, and was made without affording him individualized
consideration, in violation of [Penal Code] Section 3041 and the
Due Process and Cruel and Unusual Punishment Clauses of the
California and U.S. Constitutions.

Supporting Facts: As petitioner's record demonstrates, there is
no rational basis supporting the Board's latest refusal to parole
him. The Executive making parole decisions violates due process
where the decision is unsupported by some evidence or "otherwise
arbitrary". Otherwise arbitrary would include a biased decision
maker; a conclusion to deny parole citing "evidence" that has no
reasonable connection or rational relationship to the conclusion
reached, i.e., that the prisoner currently presents an
unreasonable threat to the public if released; or a failure to
duly consider an application for parole based on the applicable
criteria and the individual characteristics of each case.

The Board is biased against granting parole. Petitioner was
deprived of state and federal due process because the Board is
biased against granting parole to life-sentenced prisoners. As
set forth in the [state] petition, the actual parole release rate
for life-term prisoners in California is approx. 1 percent. When
only 1% of all life prisoners actually parole, no matter how long
they've been in prison, how mitigated their offences, and how
consistently they have demonstrated rehabilitation - in the face
of the direction of [P.C.] section 3041 - the bias of the
Executive against granting parole is demonstrated.

Petitioner falls into the category of cases where the
offense is not particularly egregious, and in light of his now 30
years in prison, his progress and rehabilitation, his age, his
insight and understanding, his extensive self-help, and support
and parole plans, denial of parole now indicates the Executive
has converted the sentence in all but name to one of life without
parole. This was not the sentence imposed.

Petitioner's prior record does not support a denial of
parole 28 plus years later. The Board cites petitioner's
commitment acts and threat to society as a reason to deny parole.
The crime referred to by the Board took place 28 plus years
before the 2007 hearing. The staleness of that prior record in
light of petitioner's exemplary record of rehabilitation in the
intervening 28 years no longer constitutes "some evidence", or a
rational basis, that he currently presents an unreasonable risk
of danger to the public if released.

- Page 6A -

The Commitment Offense does not provide <u>evidence</u> that
petitioner is <u>current;y</u> an unreasonable threat to public safety.
The Board concluded that the offense was carried out in an
especially cruel and callous manner and the motive of the crime
was inexplicable or trivial in relationship to the offense. The
evidence does not support these conclusions.

The motive was neither inexplicable or trivial. However
misguided, petitioner believed the victims were a threat to
himself and his family, and was under the stresses of being
unemployed with the arrival of a new baby he could not support.
Petitioner armed himself to protect himself, the Board assumed
the foregoing as true, yet still found the motive to be
inexplicable or trivial. Fear for one's life cannot be called
inexplicable or trivial, even if the perception was inaccurate.
None of this indicates that petitioner remains an unreasonable
risk of danger to the public if released.

The finding of lack of insight and recent gains is
unsupported by reliable evidence in the record. For many years
psychological evaluations have found that petitioner expresses
remorse and accepts responsibility for the offense has
articulated causes for his behavior, i.e., insight and
understanding. Licensed psychologists therefore conclude that he
would pose a <u>low</u> degree of threat to the public if released. The
understanding shown by petitioner at the hearing constituted
evidence that he does have the insight the Board finds to be
important. Based on the record as a whole and psychological
reports, he poses less of a risk for violence than the average
citizen, which does not constitute some evidence to deny parole.

The Board failed to duly consider <u>all</u> the factors in
petitioner's case in determining his current risk of
dangerousness. As example, his age, then 57, in light of his
behavior and rehabilitation over the prior 28 years indicates he
poses a miniscule risk of danger to the public if released.
Petitioner had solid parole plans which were discredited because
he did not have a job or actual housing, despite the fact that
his attorney stated that both would be provided immediately upon
his release.

Petitioner's record shows lack of a juvenile record, one
prior conviction of a non-violent offense, stable family
upbringing, Honorable Discharge from the U.S. Marine Corps, and
favorable psychological evaluations for the prior 28 years
received <u>no</u> mention by the hearing panel in the decision. His
self-help/therapy activities while incarcerated have been
extensive, but merited faint mention; likewise his accomplishment
and job skills in machine maintenance and welding. The Board did
not question his expressions of remorse, responsibility and
understanding that he has expressed for almost three decades, yet
these also fall be the wayside in the panels decision.

The Presiding Commissioner admonished him to "continue to program", ignoring the prior 28 years of programming and the fact that the facility offered nothing new. Both panel members admonished petitioner for having a "bad attitude", also cited by the Superior Court Judge in his denial of the state petition as a major reason for the unsuitability finding. The Panel and Judge both fail to note that petitioner had been deprived of his attorney visit prior to the hearing and the fact that he was, for the first time at a parole hearing, placed in chains, handcuffs, and leg shackles for this appearance. Use of mechanical restraints at a parole hearing without cause violates a standing order of the state Superior Court. His so-called attitude stemmed from the physical pain and humiliation he endured, and the recognition of the utter futility of this so-called parole hearing. The Board failed to provide any individualized consideration to which he is entitled under state and federal due process standards.

GROUND TWO: The Board's practice of rarely granting parole deprived petitioner of his right to parole under P.C. § 3041 and violated the Due Process clauses of the California and U.S. Constitutions and warrants issuance of an injunction that requires the Board to comply with the Legislature's mandate to normally set a parole date when it considers a prisoner for parole.

Supporting Facts: The Board's denial of petitioner's parole is arbitrary for reasons independent of the lack of evidence to support it. It is the product of bias and a refusal to fairly assess petitioner's potential risk to public safety according to the statutory framework and administrative rules adopted to implement that design.

The Board may not replace the legal standards for parole with its own personal and political ones. The "some evidence" standard is only one aspect of judicial review for compliance with minimum standards of due process. The right to an impartial and disinterested decision maker who fairly considers the parole of a prisoner under the established legislative framework is also part of the fundamental guarantee against arbitrary and capricious government conduct.

The denial of parole may not be inconsistent with the statutory requirement that a parole date shall normally be set, and the exception to the requirement of setting a parole date should not operate so as to swallow the rule that parole is "normally" granted. After [now] 30 years, petitioner should have normally been granted parole.

GROUND THREE: Petitioner's continued imprisonment violates the
Cruel and Unusual Punishment prohibitions in the State and
Federal Constitutions.

Supporting Facts: Punishment arbitrarily imposed or which serves
no legitimate penological purpose may be cruel and unusual in
violation of the Eighth Amendment. Even where a particular
punishment in the abstract is not cruel and unusual, the method
of imposing it can be. Based on the staleness of petitioner's
offense and his development in prison since, the continued
refusal of the State to release him to parole has now ripened
into a due process violation, as well as disproportionate
punishment, constitution cruel and unusual punishment.

   The California Supreme Court has recognized that a
life-sentenced prisoner whose punishment has become
disproportionate to his offense and culpability, makes a showing
that the punishment has become cruel and unusual. For all the
foregoing reasons, petitioner's continued incarceration has
reached that point.

   Additionally, the last reasoned state court decision was
made without reference to, or consultation of the cumulative
record of petitioner's incarceration. So-called "findings" by the
state court are, as the Board findings, in error of fact and law,
therefore requiring the granting of relief to the petitioner.

///
///

- Page 6D -

1       List, by name and citation only, any cases that you think are close factually to yours so that they

2  are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3  of these cases:

4  See Following Page 7A.

5

6

7  Do you have an attorney for this petition?                     Yes_____     No_XX_

8  If you do, give the name and address of your attorney:

9

10      WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on   7-15-2008              John Gzikowski

14           Date                         Signature of Petitioner

15

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS     - 7 -

1   Continued From Page 7 of PET. FOR WRIT OF HAB. CORPUS

2   Wolff v. McDonnell, 418 U.S.539, 558 (1974)

3   Hicks v. Oklahoma, 447 U.S. 343 (1980)

4   Superintendent v. Hill, 472 U.S. 445, 456-457 (1985)

5   Daniels v. Williams, 474 U.S. 327, 331 (1986)

6   Board of Pardons v. Allen, 482 U.S. 369 377-378 (1987)

7   Maynard v. Cartwright, 486 U.S. 356 (1988)

8   Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, (9th Cir.1981)

9   Powell v. Gomez, 33 F.3d 39, 40 (9th Cir.1994)

10   McQuillon v. Duncan, 306 F.3d 895, 901-902 (9th Cir.2002)

11   Biggs v. Terhune, 334 F.3d 910, 913 (9th Cir.2003)

12   Sass v. Board of Prison Terms, 461 F.3d 1123 (9th Cir.2006)

13   Martin v. Marshall, 431 F.Supp2d 1038, 1047-48 (N.D.Cal.2006)

14   Rosenkrantz v. Marshall, 444 F.Supp2d 1063, 1084-1085

15        (C.D.Cal.2006)

16   People v. Superior Court (Engert), 31 Cal.3d 797, 801-802 (1982)

17   In re Rosenkrantz, 29 Cal.4th 616, 654, 658 (2002)

18   In re Dannenberg, 34 Cal.4th 1061, 1084 (2005)

19   In re Martin, Sacramento Superior Court Case # 03F10202,

20        Order of Oct. 13, 2004

21   ///

22   ///

23

24

25

26

27

28                          - 7A -

Label 107R, February 2006

PRIORITY
MAIL
UNITED STATES POSTAL SERVICE®

www.usps.com

INSPECTED BY

JUL 3 0 2008

U.S. MARSHALS SERVICE

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
410 GOLDEN GATE AVE.
P.O. BOX 36060
SAN FRANCISCO, CA 94102

U.S. MARSHALS SERVICE

JUL 3 0 2008

INSPECTED BY

UNITED STATES POSTAGE

02 1A
0004624898
MAILED FROM ZIPCODE 92225

$ 00.000
JUL 28 2008

USA FIRST-CLASS FOREVER

USA FIRST-CLASS FOREVER

USA FIRST-CLASS FOREVER

USA FIRST-CLASS FOREVER



USA FIRST-CLASS FOREVER

02 1A
000462482
MAILED FROM ZIP

INSPECTED BY

JUL 3 0 2008

U.S. MARSHALS SERVICE

JOHN GZIKOWSKI D-00666
Ironwood State Prison C-5 / 236
P.O. Box 2199
Blythe, CA 92226-2199

LEGAL MAIL

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVE.
P.O. Box 36060
SAN FRANCISCO, CA 94102

INSPECTED BY

JUL 3 8 2008

U.S. MARSHALS SERVICE

PRIORITY
MAIL
UNITED STATES POSTAL SERVICE
www.usps.com